## COMMONWEALTH *vs.* WILLARD S. LUCAS.

One who, in pursuance of a preconcerted plan, devised by himself, remains below stairs in his own house, while his confederate above secretly and by night takes the pantaloons and money of a lodger there, and brings them down stairs, and there delivers the money to him, and he receives the same, may be convicted of the larceny as a principal.

INDICTMENT for larceny of money, the property of Hazael Lucas, at Waltham, in the county of Middlesex.

At the trial in the superior court, before *Vose*, J., one Harlow was called as a witness, and testified that, on the day before the commission of the larceny, the defendant, who lived in Waltham, called upon the witness at Newton Upper Falls, and informed him that Hazael Lucas, who was staying at the defendant's house, had forty dollars in money, and proposed to him to come there, and sleep with Hazael, and in the night get up and put on Hazael's pantaloons and come down stairs, where the defendant would meet him, and receive the money, and the defendant would break a window in the house; and that this plan was carried out accordingly. The witness testified that it was no part of the arrangement for the defendant to aid him in any way up stairs, and that he did not know where he should find the defendant when he went down stairs; but did find him at the foot of the stairs, with a light in his hand, and there delivered to him Hazael's pocket-book containing the money. No other evidence was offered to prove the participation of the defendant in the larceny, except evidence in corroboration of Harlow. The defendant contended that upon this evidence he was not liable as principal, if at all, but only as an accessory before the fact; but the judge declined so to rule, and the defendant was convicted, and the judge reported the case for the determination of this court.

*N. St. J. Green*, for the defendant.

*Foster*, A. G., for the Commonwealth.

BIGELOW, C. J. We are of opinion that it was competent for the jury to find the defendant guilty as a principal in the

commission of the felony charged in the indictment, and that the instruction for which he asked was rightly refused. The evidence tended very strongly to show that he was constructively present, aiding and abetting in the larceny, and so liable as principal in the second degree. To charge a person as principal, a strict, actual, immediate presence at the time and place of the commission of the crime is not necessary. Nor is it requisite that he should be so situated as to be an eye or ear witness of the criminal act. It is the expectation of aid, in case it is necessary to the completion of the crime, and the belief that his associate is near and ready to render it, which encourage and embolden the chief perpetrator, and incite him to accomplish the act. By the countenance and assistance which the accomplice thus renders, he participates in the commission of the offence. It is therefore sufficient to hold a party as principal, if it is made to appear that he acted with another in pursuance of a common design ; that he operated at one and the same time for the fulfilment of the same preconcerted end, and was so situated as to be able to furnish aid to his associate, with a view to insure success in the accomplishment of the common enterprise. Thus, if two persons agree to commit a burglary, and in order to effect their purpose one of them breaks and enters a house and commits a larceny therein, while the other remains outside, even at a distance, in order to guard against surprise and detection, and to receive the goods, or a portion of them, after the larceny has been committed, there can be no doubt that the latter would be liable as principal, although he did not see his accomplice do any act towards the commission of the offence. He would be, it is true, an accessory before the fact, by advising and procuring the commission of the felony ; and after the fact, by receiving the property after it was stolen ; but he would also be a principal, because, at the time when the felony was committed, he coöperated with the chief perpetrator, and aided and abetted him in doing the acts which constituted the crime.

In the case at bar, there was evidence to justify the inference that the defendant, at the time the larceny was committed,

was acting in concert with his confederate, and affording him aid in the felonious taking of the property. He was in the entry of the house at an unusual hour in the morning with a light in his hand; he there met the thief as he came down stairs, and received from him the pocket-book containing the money which had been stolen. Taken by themselves, these facts would not be sufficient to authorize a conviction of the defendant as principal; but, when connected with the other evidence in the case, they assume great significance, as indicating that the defendant's presence at the time when he was met by the accomplice was not casual or for an innocent purpose. On the contrary, the inference is very strong that he was there to coöperate with his confederate, and aid in accomplishing their preconcerted plan. The evidence shows that it was part of the original design that the defendant should meet the accomplice down stairs after the larceny had been perpetrated, and there receive the stolen money. This rebuts the presumption that the defendant was there for a purpose disconnected with the commission of the felony. No one can doubt if, under similar circumstances, he had been under the bed, or awaiting at the door of the chamber during the taking of the money, he would have been liable as a principal. It certainly can make no difference that he was a few feet further off, or in a different portion of the house. In either case, it is his constructive presence with a guilty design to aid in the commission of the crime, which makes him chargeable as a principal.

The cases cited by the counsel for the defendant are clearly distinguishable from the case at bar. In *Norton* v. *The People*, 8 Cow. 137, it is expressly found that the defendant was absent when the crime was committed. So in the cases of *Rex* v *King*, Russ. & Ry. 332, and *Rex* v. (*M'Makin*,) Ib. 333, n., the felony was committed before the defendants had any knowledge or connection with the stolen property. In neither case were there any facts in proof on which to rest the inference that the defendants were actually or constructively present at the time the larceny was perpetrated.

The only question presented for our consideration by the report

is whether the defendant had a right to insist on the instruction that he was liable only as an accessory. As this was rightly refused, we are bound to assume that all other necessary and proper instructions were given to enable the jury to pass on the issue which was submitted to them. *Verdict affirmed.*